Charles D. Naylor, SBN 62243
LAW OFFICES OF CHARLES D. NAYLOR
A Professional Corporation
839 South Beacon Street, Suite 311
San Pedro, California 90731
Telephone: 310-514-1200
Facsimile: 310-514-1837
E-Mail: cd.naylor@naylorlaw.com

Attorneys for Plaintiff,
LOIS ODEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOIS ODEN,<br>Plaintiff,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD.,<br>Defendant. | CASE NO:<br><br>**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, LOIS ODEN, (hereinafter "Plaintiff") and for a cause of action against defendants, and each of them, complains and alleges as follows:

JURISDICTION AND VENUE

1. This is an action for damages for personal injuries, the value of which exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs. The injury giving rise to this action occurred while plaintiff was a fare paying passenger aboard a cruise ship operating on navigable waters. This Court has Jurisdiction under 28 U.S.C. § 1332 as well as under the general maritime law of the United States. Venue is based on the

forum selection clause included in the terms of defendants passage contract.

GENERAL ALLEGATIONS

2. At all times herein material defendant PRINCESS CRUISE LINES, LTD., was a corporation with it's principal place of business in the state of California, the County of Los Angeles and this judicial district.

3. At all time herein material, Plaintiff was and is a resident of the State of Texas and the County of Harris.

4. At all times herein material Defendants, and each of them, owned, operated, maintained, controlled and inspected the CARIBBEAN PRINCESS (hereinafter "vessel"), a foreign flag passenger cruise vessel which defendant utilized to transport fare paying passengers on cruises on navigable waters of the United States and on the high seas.

5. Prior to the departure date, Plaintiff purchased a ticket for a cruise aboard the vessel with a scheduled departure from Houston, Texas on February 28, 2016, and scheduled arrival date at same port on March 6, 2016.

6. On or about March 1, 2016, Plaintiff was aboard the vessel as a fare paying passenger and was walking back to her cabin, with her niece, after having dinner at the buffet on Deck 15. Plaintiff and her niece came to a sliding door that was an exit to the deck outside. Her niece approached the door first and it opened for her. Her niece walked through the door and Plaintiff followed. As Plaintiff was passing through the open sliding door, it closed so quickly that she was not able to get out of the way, and so forcefully that she was knocked down and fell to the deck, suffering injuries including, but not limited to a displaced intertronchanteric fracture of her left femur, a colles fracture of her left wrist and a fracture of her left forearm.

7. As a direct and legal result of the incident alleged herein Plaintiff, was hurt and injured in her health, strength and activity, sustaining severe physical injury to her body, including but not limited to the injuries describe above, and

shock and injury to her nervous system and person, all of which injuries have caused and continue to cause physical and emotional pain and suffering. Plaintiff is informed and believes, and thereupon alleges that some or all of the injuries will result in permanent damage, disability, pain and suffering, causing general damages in an amount within the jurisdictional requirements of this court

8. As a further direct and legal result of the incident herein alleged, it was and continues to be necessary for Plaintiff to receive medical and/or psychological care and treatment. Plaintiff is informed and believes and thereon alleges that such care and treatment will be so necessary for an indefinite time in the future. The cost of medical and/or psychological care and treatment is not known at this time and plaintiff alleges as damages herein the amount of such cost according to proof at trial.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

## (Negligence-General Maritime Law)

9. Plaintiff re-alleges and incorporates hereby by reference Paragraphs 1 to 8, inclusive, of the Jurisdiction, Venue and General Allegations of this Complaint as though the same were fully set forth.

10. As the owner and operator of the vessel, Defendant owed Plaintiff a duty to exercise reasonable care under the circumstances to avoid causing her personal injuries. Defendant had a further duty to warn Plaintiff of any dangerous conditions which were known to Defendant or could have been known to Defendant by reasonable inspection.

11. Defendant breached its duty of care to Plaintiff, inter alia:

a. By causing and/or allowing a public area of its vessel to be in a dangerous and/or defective condition, in that a sliding door provided for passengers closed while Plaintiff was walking through it, closed so quickly that she could not get out of the way, and closed with such force

that she was knocked to the deck and injured;

b. By failing to properly inspect and maintain and repair this sliding door, despite it's knowledge that improperly maintained sliding doors on cruise ships are a known cause of serious injury to passengers;

c. By failing to take appropriate remedial action; and

d. By failing to effectively warn Plaintiff of the dangerous condition of it's sliding door.

12. As a direct and legal result of defendants' breach of a duty of care owed to Plaintiff, Plaintiff was injured and suffered damages as aforesaid

PRAYER

WHEREFORE, Plaintiff prays for damages against defendants, and each of them, as follows:

1. For general damages according to proof;
2. For medical expenses, past and future, according to proof;
3. For prejudgment interest;
4. For costs of suit; and,
5. For other such relief as the Court may deem proper.

DEMAND FOR JURY TRIAL

Plaintiff LOIS ODEN, hereby demand trial by jury of the above-captioned matter.

November 14 2016

LAW OFFICES OF
CHARLES D. NAYLOR

By: ______________________

Charles D. Naylor
Attorney for Plaintiff,
LOIS ODEN